IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RON DAVIS                                                                                           PLAINTIFF

v.                              Case No. 4:24-cv-00933 KGB

ROBERT F. KENNEDY, JR.,[1]
Secretary, U.S. Department of
Health and Human Services                                                              DEFENDANT

### ORDER

Before the Court is the motion to dismiss filed by defendant Secretary of the United States Department of Health and Human Services ("HHS"), in his official capacity (Dkt. No. 5). Plaintiff Ron Davis responded (Dkt. No. 8). HHS replied (Dkt. No. 9). In considering these issues, the Court has also reviewed and considered Mr. Davis's supplemental response to the motion to dismiss (Dkt. No. 18), and HHS's supplemental reply (Dkt. No. 19). For the following reasons, the Court grants HHS's motion to dismiss (Dkt. No. 5).

**I.     Background**

On February 22, 2023, an Administrative Law Judge ("ALJ") concluded that Medicare covered 17 of the 39 total claims for nerve conduction studies ("NCS") services provided to 12 of the 17 beneficiaries "because they were routine costs of a clinical trial in which each of the beneficiaries was a participant, and accordingly covered under an applicable national coverage determination." (Dkt. No. 5-1, at 3). On April 23, 2023, the Centers for Medicare and Medicaid Services ("CMS") asked the Medicare Appeals Council ("Council") to review the ALJ's decision

---

[1] Mr. Davis commenced this action against Xavier Becerra who served as Secretary of the United States Department of Health and Human Services until January 20, 2025. On February 13, 2025, Robert F. Kennedy, Jr. became Secretary of the United States Department of Health and Human Services. The Court therefore directs the Clerk of Court to substitute Robert F. Kennedy, Jr. as defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

because CMS claimed that there was an error of law material to the outcome of the claims (*Id.*). On July 18, 2023, the Council reversed, in part, the ALJ's decision and found that Medicare does not cover the 17 claims for NCS services (*Id.*).

On October 29, 2024, Mr. Davis commenced this action challenging the Council's decision and requesting that the Court implement the decision of the ALJ (Dkt. No. 1).

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1) a defendant may move to dismiss an action based on a lack of subject-matter jurisdiction. Motions under 12(b)(1) may assert either a "facial" or "factual" attack on jurisdiction. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). When "a party brings a factual attack, a district court may look outside the pleadings to affidavits or other documents." *Id.* (citing *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, 637 n.4 (8th Cir. 2003)). "This does not . . . convert the 12(b)(1) motion to one for summary judgment." *Harris*, 339 F.3d at 637 n.4. "Instead, the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Moss*, 895 F.3d at 1097 (citing *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007)).

A federal court must have jurisdiction to reach the merits of a case, and the party invoking federal jurisdiction must demonstrate that they have standing to do so. *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019). Standing consists of three elements: (1) injury; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To establish injury in fact, a plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical[.]" *Id.* at 560 (citations and quotations omitted).

While imminence is "a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (quoting *Lujan*, 504 U.S. at 565 n.2). Thus, the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Id.* (alteration in original) (emphasis in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Future injury is not "certainly impending" if it is speculative. *Whitmore*, 495 U.S. at 157–58; *see also O'Shea v. Littleton*, 414 U.S. 488, 496–98 (1974). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat. Wildlife Federation*, 497 U.S. 871, 889 (1990)).

To establish causation, "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* at 560–61 (alterations in original) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976)). "[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." *Id.* at 562 (quotations omitted).

**II.    Analysis**

HHS claims that Mr. Davis does not have standing to pursue this matter, and further, HHS claims that Mr. Davis's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 6, at 1). HHS maintains that Mr. Davis does not allege how he was injured

3

personally, and further, HHS claims that Mr. Davis admits that he is not one of the beneficiaries affected by the Council's decision (*Id.*, at 2).  In response, Mr. Davis represents that he was a witness and "not a party in an administrative process." (Dkt. No. 8, at 3).  "The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  It follows that "[a] federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'" *Id.* (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, (1973)).  Because Mr. Davis admittedly was not a beneficiary personally impacted by the Council's decision, Mr. Davis has failed to establish that he suffered an injury.  Therefore, the Court finds that Mr. Davis lacks standing to challenge the Council's decision.[2]

## IV.    Conclusion

For these reasons, the Court grants HHS's motion to dismiss and dismisses without prejudice the action (Dkt. No. 5).  The pending motions are denied as moot (Dkt. Nos. 10; 13).

It is so ordered this 20th day of August, 2025.

*(signature)*
Kristine G. Baker
Chief United States District Judge

---

[2] HHS argues that, even if Mr. Davis did have standing to pursue this action, Mr. Davis did not exhaust his administrative remedies (Dkt. No. 6, at 3–4).  Mr. Davis responds to this argument (Dkt. No. 8, at 3).  Because the Court finds that Mr. Davis does not have standing to pursue this action, the Court declines to address whether Mr. Davis exhausted his administrative remedies.